# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD B. HALL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT FRAUENHEIM, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00263-AWI-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 15] |

　　　　Plaintiff Richard B. Hall is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion for appointment of counsel, filed September 20, 2016.

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

1

1   "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the
2   merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the
3   legal issues involved." Id. (internal quotation marks and citations omitted).
4          In the present case, the court does not find the required exceptional circumstances.  Plaintiff
5   contends that health condition has made it impossible for him to litigate this action and he is required
6   to rely on inmate assistance to file documents.  Neither the interests of justice nor exceptional
7   circumstances warrant appointment of counsel at this time.  Circumstances common to most prisoners,
8   such as lack of legal education and limited law library access, do not establish exceptional
9   circumstances that would warrant a request for voluntary assistance of counsel.  In addition, Plaintiff's
10  current motion demonstrates that Plaintiff (and/or his current inmate assistant) understands the process
11  and how to file documents.  Furthermore, the Court cannot evaluate the likelihood of success of the
12  merits as Plaintiff's complaint was dismissed, with leave to amend, for failure to state a cognizable
13  claim for relief.  The record in this case demonstrates sufficient writing ability and legal knowledge to
14  articulate the claims asserted, even if such filings are done with the assistance of other inmates.
15  Accordingly, Plaintiff's motion for appointment of counsel is denied, without prejudice.

18  IT IS SO ORDERED.

19  Dated:   **September 21, 2016**
20                                                          UNITED STATES MAGISTRATE JUDGE