1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| RICHARD B. HALL, | ) | Case No.: 1:16-cv-00263-AWI-SAB (PC) |
| Plaintiff, | ) ) | |
| v. | ) ) ) | ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL |
| SCOTT FRAUENHEIM, et al., | ) ) | |
| Defendants. | ) ) | [ECF No. 20] |
| | ) ) | |

Plaintiff Richard B. Hall is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second motion for appointment of counsel, filed November 1, 2016.  Although Plaintiff filed a notice of appeal on November 1, 2016, such appeal does not divest this Court of jurisdiction because judgment has not been entered and no appealable order has been issued.  See Estate v. Conners by Meredith v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993) (notice of appeal from a nonappealable order does not divest the district court of jurisdiction); see also Nascimento v. Dummer, 508 F.3d 905 (9th Cir. 2007) ("When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply.")

As Plaintiff was previously advised, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain

1

exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Plaintiff contends that his classification as a participant in the Developmental Disability Program has rendered him unable to effectively prosecute this action.  While Plaintiff has alleged difficulty in his potential ability to articulate his claims pro se due to his disability, the Court does not find that the exceptional factors necessary to justify appointment of counsel exist in this case, at the present time.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In addition, Plaintiff's current motion demonstrates that Plaintiff (and/or his current inmate assistant) understands the process and how to file documents.  Furthermore, the Court cannot evaluate the likelihood of success of the merits as Plaintiff's complaint was dismissed, with leave to amend, for failure to state a cognizable claim for relief.  The record in this case demonstrates sufficient writing ability and legal knowledge to articulate the claims asserted, even if such filings are done with the assistance of other inmates.  In addition, the exhibits attached to Plaintiff's demonstrate that Plaintiff has assistance under the Developmental Disability Program to help with access to the law library access and materials necessary for court filings.  Accordingly, Plaintiff's second motion for appointment of counsel is denied, without prejudice.  To that end, Plaintiff is advised that after receiving multiple extensions of time, Plaintiff's amended complaint is presently due on or before November 10, 2016 (thirty days from October 11, 2016), and the failure to file an amended complaint

///

///

///

2

will result in a recommendation that the action be dismissed for to prosecute and failure to state a

cognizable claim for relief.


IT IS SO ORDERED.

Dated:   **November 3, 2016**

UNITED STATES MAGISTRATE JUDGE

3