UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD B. HALL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT FRAUENHEIM, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00263-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION<br><br>[ECF No. 19] |

　　　　Plaintiff Richard B. Hall is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion for a temporary restraining order and/or preliminary injunction, filed November 1, 2016.[1]

　　　　As far as the Court can decipher, Plaintiff is seeking documentation from non-party Dr. Akahori's Developmental Disability examinations which will support Plaintiff's claim for relief. Plaintiff contends that neurologists were deployed multiple times but prison officials never directed

---

[1] Although Plaintiff filed a notice of appeal on November 1, 2016, such appeal does not divest this Court of jurisdiction because judgment has not been entered and no appealable order has been issued. See Estate v. Conners by Meredith v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993) (notice of appeal from a nonappealable order does not divest the district court of jurisdiction); see also Nascimento v. Dummer, 508 F.3d 905 (9th Cir. 2007) ("When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply.")

1

the neurologists to evaluate Plaintiff's head injury, despite the fact that Akahori's examination evidences brain injury.

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

However, as an initial matter, "a court has *no* power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) (emphasis added); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007). In this case, Plaintiff's complaint was dismissed, with leave to amend, for failure to

state a cognizable claim for relief. Therefore, no defendant has yet made an appearance, as Plaintiff has not stated a cognizable claim for relief. Thus, at this point in time, there is no case or controversy before the Court, and the Court has no jurisdiction to issue any preliminary injunctions. In addition, the Court has no authority to order a prison official, not a party to this action, to take some action. Zenith Radio Corp., 395 U.S. at 110; Ross, 504 F.3d at 1138-39. Plaintiff is advised that the submission of exhibits to his complaint is not necessary to prove the truth of the allegations set forth therein. At the pleading stage of the action, the facts as stated by Plaintiff are accepted as true.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for a temporary restraining order and/or preliminary injunction be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 3, 2016**

UNITED STATES MAGISTRATE JUDGE

3