UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD B. HALL,<br><br>    Plaintiff,<br><br>  v.<br><br>SCOTT FRAUENHEIM, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-00263-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S NOVEMBER 4, 2016, ORDER DENYING HIM APPOINTMENT OF COUNSEL<br><br>[ECF No. 26] |

  Plaintiff Richard B. Hall is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

  Currently before the Court is Plaintiff's "brief presenting new evidence relating to counsel request motion …", filed November 18, 2016. To the extent Plaintiff seeks reconsideration of the Court's November 4, 2016, order denying appointment of counsel in this case, the request must be denied.

  Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

1

1

2   As Plaintiff was previously advised, he does not have a constitutional right to appointed

3 counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot

4 require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States

5 District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain

6 exceptional circumstances the court may request the voluntary assistance of counsel pursuant to

7 section 1915(e)(1).  Rand, 113 F.3d at 1525.

8   Without a reasonable method of securing and compensating counsel, the court will seek

9 volunteer counsel only in the most serious and exceptional cases.  In determining whether

10 "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

11 merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the

12 legal issues involved."  Id.  (internal quotation marks and citations omitted).

13   In denying Plaintiff's second motion for appointment of counsel in November 4, 2016, the

14 Court stated the following:

15   In the present case, the Court does not find the required exceptional circumstances.  Plaintiff
    contends that his classification as a participant in the Developmental Disability Program has
16   rendered him unable to effectively prosecute this action.  While Plaintiff has alleged difficulty
    in his potential ability to articulate his claims pro se due to his disability, the Court does not
17   find that the exceptional factors necessary to justify appointment of counsel exist in this case,
18   at the present time.  Circumstances common to most prisoners, such as lack of legal education
    and limited law library access, do not establish exceptional circumstances that would warrant a
19   request for voluntary assistance of counsel.  In addition, Plaintiff's current motion
    demonstrates that Plaintiff (and/or his current inmate assistant) understands the process and
20   how to file documents.  Furthermore, the Court cannot evaluate the likelihood of success of the
    merits as Plaintiff's complaint was dismissed, with leave to amend, for failure to state a
21   cognizable claim for relief.  The record in this case demonstrates sufficient writing ability and
22   legal knowledge to articulate the claims asserted, even if such filings are done with the
    assistance of other inmates.  In addition, the exhibits attached to Plaintiff's demonstrate that
23   Plaintiff has assistance under the Developmental Disability Program to help with access to the
    law library access and materials necessary for court filings.  Accordingly, Plaintiff's second
24   motion for appointment of counsel is denied, without prejudice.

25

26 (ECF No. 24.)  Plaintiff fails to present facts or law warrant reconsideration of the prior denial of

27 appointment of counsel in this case.  Plaintiff simply repeats the same arguments and submits further

28 documentation which shows that although he is a participant in the Developmental Disability Program,

he has access to assistance within such program. Accordingly, Plaintiff's motion for reconsideration of the Court's November 4, 2016, order denying his second request for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **November 22, 2016**

UNITED STATES MAGISTRATE JUDGE