UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD B. HALL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT FRAUENHEIM, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00263-AWI-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF AN ADDITIONAL THIRTY DAYS TO FILE AN AMENDED COMPLAINT IN COMPLIANCE WITH THE COURT'S MAY 18, 2016, ORDER<br><br>[ECF No. 28] |

　　　　Plaintiff Richard B. Hall is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On May 18, 2016, the Court screened and dismissed Plaintiff's complaint, with leave to amend, for failure to state a cognizable claim. (ECF No. 7.) Plaintiff was directed to file an amended complaint within thirty days from the date of service. (Id.) After the thirty day period expired and Plaintiff failed to file an amended complaint, the Court issued an order to show cause why the action should not be dismissed.

　　　　On August 8, 2016, Plaintiff filed a response to the order to show cause, explaining that health issues delayed his compliance with the court orders.

　　　　On August 9, 2016, the Court discharged the order to show cause and granted Plaintiff an additional forty-five (45) days to file an amended complaint in compliance with the Court's May 18, 2016, order. The forty-five day period expired and Plaintiff did not file an amended complaint. However, on September 20, 2016, Plaintiff filed a declaration in which it appeared he was seeking additional time to file an amended complaint. (ECF No. 16.) Therefore, on October 11, 2016, in the interest of justice, the Court granted Plaintiff thirty additional days to file an amended complaint in

1

compliance with the Court's May 18, 2016, order.  To date, Plaintiff has not filed an amended complaint in compliance with the Court's May 18, 2016, order.

However, on November 1, 2016, Plaintiff filed a motion for a temporary restraining order and/or motion for preliminary injunction, along with a separate motion for the appointment of counsel. (ECF Nos. 19, 20.)  On November 4, 2016, the Court denied Plaintiff's motion for appointment of counsel, without prejudice, and issued Findings and Recommendations recommending that Plaintiff's motion for injunctive relief be denied.  In his request for injunctive relief, Plaintiff sought documentation from non-party Dr. Akahori's developmental disability examinations to support his claim for relief.  In the Findings and Recommendations, the Court noted that "not defendant has yet made an appearance, as Plaintiff has not stated a cognizable claim for relief.  Thus, at this point in time, there is no case or controversy before the Court, and the Court has no jurisdiction to issue any preliminary injunctions."  (ECF No. 25, at 3.)  In addition, the Court advised Plaintiff "that the submission of exhibits to his complaint is not necessary to prove the truth of the allegations set forth therein.  At the pleading stage of the action, the facts as stated by Plaintiff are accepted as true."  (Id.)

On November 18, 2016, Plaintiff filed a document entitled "Brief Presenting New Evidence Relating to Counsel Request Motion, and Likelihood of Success on the Merits Analysis Related Thereto, Generated at SVSP, and Exhibits in Support Thereof."  (ECF No. 26.)

On November 22, 2016, the Court interpreted Plaintiff's November 18, 2016, filing as a motion for reconsideration of the Court's order denying appointment of counsel and denied Plaintiff's motion finding that Plaintiff failed to present any facts or law to warrant reconsideration of the prior denial of appointment of counsel.  (ECF No. 27, at 2.)  Plaintiff simply repeated the same arguments and submitted further documentation which demonstrated that although he is a participant in the Developmental Disability Program, he has access to assistance within such program. (Id. at 2-3.)

On November 30, 2016, Plaintiff filed objections to the Findings and Recommendations.  In his objections, Plaintiff claims that the undersigned failed to properly construe and "convert" Plaintiff's November 1, 2016, motion for appointment of counsel as an amended complaint if counsel was not appointed. (ECF No. 28, at 1.)

Plaintiff is advised that the Court has reviewed Plaintiff's motion for appointment of counsel (consisting of 141 pages), and although Plaintiff requested that the Court convert such filing as an amended complaint if counsel was not appointed, the Court cannot grant such request. Plaintiff is advised that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes a prior complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. The Court cannot convert a motion seeking relief into an operative pleading which requires a response by an opposing party. See Fed. R. Civ. P. 7(a), (b). In the interest of justice, the Court will grant Plaintiff an additional thirty (30) days to file an amended complaint in compliance with the Court's May 18, 2016, screening order.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court is directed to send Plaintiff a blank form section 1983 complaint;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and
3. Failure to comply with this order will result in a recommendation that the action be dismissed for failure to comply with a court order and for failure to state a cognizable claim for relief.

IT IS SO ORDERED.

Dated: **December 8, 2016**

_____
UNITED STATES MAGISTRATE JUDGE

3