**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD B. HALL,<br><br>   Plaintiff,<br><br>  v.<br><br>SCOTT FRAUENHEIM, et al.,<br><br>   Defendants. | Case No.: 1:16-cv-00263-AWI-SAB (PC)<br><br>ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO COMPLY WITH THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>[ECF No. 18] |

Plaintiff Richard B. Hall is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed January 9, 2017.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[ ] to state a claim on which relief may be granted," or that "seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

2    do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

3    550 U.S. 544, 555 (2007)).   Moreover, Plaintiff must demonstrate that each defendant personally

4    participated in the deprivation of Plaintiff's rights.   Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

5    2002).

6          Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally

7    construed and to have any doubt resolved in their favor.   Wilhelm v. Rotman, 680 F.3d 1113, 1121

8    (9th Cir. 2012) (citations omitted).   To survive screening, Plaintiff's claims must be facially plausible,

9    which requires sufficient factual detail to allow the Court to reasonably infer that each named

10   defendant is liable for the misconduct alleged.   Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service,

11   572 F.3d 962, 969 (9th Cir. 2009).   The "sheer possibility that a defendant has acted unlawfully" is not

12   sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying

13   the plausibility standard.   Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**COMPLAINT ALLEGATIONS**

16         Plaintiff names the California Department of Corrections and Rehabilitation, California

17   Correctional Health Care Services, Pleasant Valley State Prison, S. Frauenheim, J. Chokatos, M.

18   Conanan, M. Boparai, D. McElroy, J. Fortune, J. Cavazos, K. Kumar, S. Delacruz, S. Maxwell, D.

19   Allen, F. Alvarado, Anderson, Stringer and J. Lewis, as Defendants.

20         Plaintiff attempts to bring claims for negligence, deliberate indifference to his serious medical

21   needs, and a violation of the Americans with Disabilities Act.   For the reasons explained below,

22   Plaintiff's amended complaint must be dismissed for failure to comply with the Rule 8 of the Federal

23   Rules of Civil Procedure.

**III.**

**DISCUSSION**

26   A.      **Federal Rule of Civil Procedure 8(a)(2)**

27         While Plaintiff's amended complaint does not appear lengthy in terms of the number of pages

28   (25 pages excluding exhibits), the handwritten content of the amended complaint is rambling and

disjointed.  Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1).  A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Federal Rule of Civil Procedure 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Federal Rule of Civil Procedure 10(b).

Where the factual elements of a cause of action are present, but are scattered throughout the complaint and are not organized into a short, plain statement of the claim, dismissal for failure to satisfy Rule 8 if proper.  See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (explaining complaint should set forth who is being sued, for what relief, and on what theory, with enough detail to provide notice to defendants).

The function of the complaint is not to list every single fact relating to Plaintiff's claims. Plaintiff's amended complaint is so mired in extraneous facts, various issues related and unrelated, and legal arguments that it fails to comply with Rule 8(a).  Some of Plaintiff's claim may be cognizable under 1983, but it is not the function of the court to attempt to find them in a complaint that is in violation of Rule 8 of the Federal Rules of Civil Procedure.  Thus, Plaintiff will be provided the applicable standards based on his stated claims and granted leave to file a second amended complaint.

Plaintiff is advised that the submission of evidence, by way of exhibits, is premature at this point in the proceedings as Plaintiff is only required to state a prima facie claim for relief via his factual allegations.  Thus, in amending his complaint, Plaintiff need only state concisely the facts upon which he alleges a defendant has violated his constitutional rights.  If Plaintiff feels compelled to submit exhibits with an amended complaint, he is advised that such exhibits must be attached to the amended pleading and must be incorporated by reference.  Fed. R. Civ. P. 10(c).  With regard to exhibits that are properly attached and incorporated, Plaintiff is cautioned that it is the Court's duty to evaluate the factual allegations within a complaint, not to wade through exhibits, to determine whether cognizable claims have been stated.

Further, if Plaintiff attaches exhibits to an amended complaint, each exhibit must be specifically referenced.  For example, Plaintiff must state "see Exhibit A" or something similar in

1  order to direct the Court to the specific exhibit Plaintiff is referencing.  Further, if the exhibit consists

2  of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "see Exhibit A,

3  page 3").  Finally, Plaintiff is advised that the Court must assume that Plaintiff's factual allegations are

4  true.  Therefore, it is generally unnecessary for Plaintiff to submit exhibits in support of the allegations

5  in a complaint.

6  **B.      Deliberate Indifference to Serious Medical Need**

7       While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical

8  care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to

9  an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled

10  in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v.

11  Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

12  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition

13  could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that

14  "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing

15  Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act

16  or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the

17  indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind

18  is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d

19  at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

20  **C.      Americans with Disabilities Act**

21       Title II of the ADA provides that "no qualified individual with a disability shall, by reason of

22  such disability, be excluded from participation in or be denied the benefits of the services, programs,

23  or activities of a public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132.

24  Title II applies to the services, programs, and activities provided for inmates by jails and prisons.

25  Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 208-13 (1998); Simmons v. Navajo Cnty., 609

26  F.3d 1011, 1021-22 (9th Cir. 2010); Pierce v. Cnty. of Orange, 526 F.3d 1190, 1214-15 (9th Cir.

27  2008).  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a

28  qualified individual with a disability; (2) [he] was excluded from participation in or otherwise

1   discriminated against with regard to a public entity's services, programs, or activities; and (3) such

2   exclusion or discrimination was by reason of [his] disability." Lovell v. Chandler, 303 F.3d 1039,

3   1052 (9th Cir. 2002); accord Simmons, 609 F.3d at 1021; McGary v. City of Portland, 386 F.3d 1259,

4   1265 (9th Cir. 2004).

5         **D.      Negligence**

6         "Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform

7   to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2)

8   failure to conform to that standard (breach of duty); (3) a reasonably close connection between the

9   defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales

10  v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal.App.4th 983, 994, 70

11  Cal.Rptr.3d 519 (2008) (internal quotations omitted)).

12        "In order to establish negligence under California law, a plaintiff must establish four required

13  elements: (1) duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock Inc., 349 F.3d 1191,

14  1203 (9th Cir. 2003).

15        The "plain language" of 28 U.S.C. § 1367(a) "makes clear that supplemental jurisdiction may

16  only be invoked when the district court has the hook of original jurisdiction on which to hang it."

17  Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

18                                              **IV.**

19                              **CONCLUSION AND ORDER**

20        For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be

21  granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v.

22  Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by

23  adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir.

24  2007) (no "buckshot" complaints).

25        Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

26  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

27  Iqbal, 556 U.S. 662, 678. There is no conceivable reason why Plaintiff should need more than twenty-

28  five pages to identify his claims and the specific facts that support those claims.  Accordingly, absent

                                                5

1  further order of this Court for good cause showing, Plaintiff's amended complaint, if he chooses to file

2  one, **may not exceed twenty-five pages in length**.

3       Finally, an amended complaint supersedes the original complaint, <u>Forsyth v. Humana, Inc.</u>,

4  114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be

5  "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All

6  causes of action alleged in an original complaint which are not alleged in an amended complaint are

7  waived."  <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir.

8  1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

9       Based on the foregoing, it is HEREBY ORDERED that:

10      1.   The Clerk's Office shall send Plaintiff an amended civil rights complaint form;

11      2.   Plaintiff's amended complaint, filed January 9, 2017, is dismissed for failure to state a

12           claim;

13      3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

14           amended complaint; and

15      4.   If Plaintiff fails to file an amended complaint in compliance with this order, this action

16           will be dismissed for failure to comply with the Federal Rules of Civil Procedure.

17

18  IT IS SO ORDERED.

19  Dated:   **March 3, 2017**

20                                    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28