UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD B. HALL,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>SCOTT FRAUENHEIM, et al.,<br><br>　　　　Defendants | CASE NO. 1:16-CV-263 AWI SAB<br><br>ORDER STAYING MOTION FOR RECONSIDERATION AND REFERRING MATTER TO THE MAGISTRATE JUDGE IN ORDER TO CONDUCT A COMPETENCY HEARING<br><br>(Doc. No. 43) |

　　Plaintiff Richard Hall is proceeding pro se and in forma pauperis in this 42 U.S.C. § 1983 civil rights action. Hall is a prisoner at Salinas Valley State Prison, but the acts that form the basis of this lawsuit occurred at Pleasant Valley State Prison.

　　On March 6, 2017, the Magistrate Judge screened Hall's first amended complaint ("FAC"). See Doc. No. 35. The Magistrate Judge dismissed the FAC with leave to amend.

　　On April 17, 2017, Hall filed objections, which this Court has taken to be a motion for reconsideration. See Doc. No. 43. As part the motion for reconsideration, certain representations were made. Significantly, the motion states that this matter is being pursued through a non-court-appointed next friend and that Hall is appearing through the next friend. See id. The motion also indicates that Hall may lack the capacity to prosecute this case, and notes that Hall has been given a "DDZ" status and has cognitive limitations, a nerve palsy in his right hand, an inability to read, and memory problems, all of which are confirmed in medical findings. See id.

Federal Rule of Civil Procedure 17 states in pertinent part that an "incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Rule 17(c)(2) requires a district court to "take whatever measures it deems proper to protect an incompetent person during litigation." Davis v. Walker, 745 F.3d 1303, 1311 (9th Cir. 2014) (quoting United States v. 30.64 Acres of Land, 795 F.2d 796, 805 (9th Cir. 1986). "Ordinarily, when a substantial question exists regarding the mental competence of a party proceeding pro se, the proper procedure is for the district court to conduct a hearing to determine competence, so a guardian ad litem can be appointed, if necessary." Harris v. Mangum, --- F.3d ---, 2017 WL 3027545, *3 (9th Cir. 2017) (quoting Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005)); see Krain v. Smallwood, 880 F.2d 1119, 1121 (9th Cir. 1989). If a party is found to be incompetent, there are a number of orders or procedures that can be issued in order to protect the incompetent litigant's interests. See Davis, 745 F.3d at 1311; Krain, 880 F.2d at 1121. District courts have broad discretion in fashioning such protective orders. Harris, --- F.3d at ----, 2017 WL 3027545 at *3 (citing Davis, 745 F.3d at 1311). However, if "a party fails to cooperate . . . the court may dismiss the case without prejudice." Krain, 880 F.2d at 1121.

Here, based on the representations in the motion for reconsideration, as well as other documents in the file, the Court has concerns over Hall's competency to pursue this case. Under these circumstances, the Court finds that the appropriate course is to refer the matter to the Magistrate Judge in order to conduct a competency hearing. See Harris, --- F.3d ---, 2017 WL 3027545 at *3; Allen, 408 F.3d at 1153; Krain, 880 F.2d at 1121. Upon completion of the competency hearing, the Magistrate Judge shall issue a Findings and Recommendations regarding Hall's competency. See 28 U.S.C. § 626(b). If the Magistrate Judge finds that Hall is not competent, the Findings and Recommendations shall include recommendations regarding any appropriate procedures or orders that would protect Hall's interests and permit this case to move forward.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. This matter is referred to the Magistrate Judge for the purposes of issuing a Findings and Recommendation regarding Plaintiff's competency and possible orders and procedures to protect Plaintiff's interests, if the Magistrate Judge finds that Plaintiff is not competent; and

2. Plaintiff's motion for reconsideration, and the March 27, 2017 Screening Order's deadline in which to file a Second Amended Complaint, are STAYED until this Court rules on the forthcoming Findings and Recommendations.

IT IS SO ORDERED.

Dated: July 21, 2017

SENIOR DISTRICT JUDGE